FRANK L. ROCHE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21556.   Promulgated January 14, 1931.

*George E. H. Goodner, Esq.*, for the petitioner.
*J. A. Lyons, Esq.*, and *John D. Foley, Esq.*, for the respondent.

1142

TRAMMELL: In the first issue the petitioner contends that section 280 of the Revenue Act of 1926, under which the respondent asserts the liability in controversy, is unconstitutional. We have previously decided that a petitioner who appeals to this Board under said section is precluded from questioning its validity. *Henry Cappellini et al.*, 14 B. T. A. 1269. See also *Phillips* v. *Commissioner*, 42 Fed. (2d) 177; *Routzahn* v. *Tyroler*, 36 Fed. (2d) 208; certiorari denied, 281 U. S. 734. In any event, in our opinion we have jurisdiction to determine the issues here presented.

This disposes of the first issue, and the fifth issue was abandoned by the petitioner at the hearing. There remain the second, third, and fourth issues, which will be considered in their inverse order.

In the fourth issue the petitioner alleges that the tax liability of the corporation transferor is overstated for 1920 and 1921. The basis of this claim is that the ledger shows in the profit and loss account amounts of net profits smaller than the net income determined by the respondent. Since the tax is computed upon the statutory net income, which is frequently an entirely different amount from the net profits according to the books, we must hold that the petitioner has failed to sustain the burden on this issue. There is no proof that the amount of the net profits shown by the books was correct, or how it was arrived at. We know only that the ledger showed a certain amount of "net profits" for each of the said taxable years, and that such amount is less than the net income determined by the respondent. This is not sufficient to overcome the presumption in favor of the correctness of the respondent's determinations. The petitioner must establish the correct amount of the statutory or taxable net income, which is not accomplished by an unexplained ledger account showing purported "net profits." The respondent's determinations of taxable net income for 1920 and 1921 are, therefore, approved.

In the third issue the petitioner contends that the statute of limitations has run against the collection of the unpaid taxes for 1918 and 1919. Section 250 (d) of the Acts of 1918 and 1921 provided, with exceptions not material here, that the amount of tax due under any return for said years should be determined and assessed by the Commissioner within five years after the return was due or was made, and that no suit or proceeding for the collection of any tax

should be begun after the expiration of five years after the date when the return was due or was made.

The returns of the corporation herein for 1918 and 1919 were made on April 22, 1919, and March 8, 1920, respectively, and the five-year periods provided in the above statutes for assessment and collection thereafter expired in April, 1924, and March, 1925, respectively. However, the taxes for both years were assessed by the Commissioner on March 10, 1924, within the five-year period of limitations then in effect, and prior to the passage of the Revenue Act of 1924, on June 2 of that year.

The tax having been assessed prior to the enactment of the 1924 Act, the collection thereof was barred prior to the passage of the Revenue Act of 1926 and the statute of limitations barred the assessment or collection from the transferee. Section 280 (b) (1) and (b) (2) does not have the effect of reviving a remedy once dead. *Caroline J. Shaw, Executor*, 21 B. T. A. 400.

The contention of the petitioner in the third issue is sustained.

In the second issue the petitioner denies liability at law or in equity for the taxes of the corporation transferor. In that connection, the petitioner contends that, in orally withdrawing at the hearing any claim for a fraud penalty, the respondent has left the Board without any definite basis upon which to proceed. This argument we think is unsound, for the reason that the amount of the unpaid taxes is clearly stated in the deficiency letter, and the respondent has not withdrawn his determination in that respect.

The evidence shows that all of the assets of the corporation were distributed in 1921 to its two stockholders, the petitioner and Peter Burke, each of whom held one-half of the outstanding stock and each of whom received one-half of the assets. The corporation was thus left without assets and was dissolved. The petitioner is liable, therefore, for the taxes of the corporation to the extent of the value of the assets received by him.

The Revenue Act of 1928 provides in section 602 that in proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer. The petitioner contends that the respondent has not met the burden of proof in this respect, in that the actual or fair value of the assets at the time of distribution has not been shown. We can not agree with this contention.

We have found from the evidence that the fair net value of the corporate assets at the time of distribution, less the additional taxes paid in behalf of the corporation in 1923, was $31,634, and since the

petitioner received one-half thereof, he is liable for taxes of the corporation in an amount not in excess of $15,817. The net book value of the assets is shown to have been $64,873.56, including cash in the amount of $8,613.53.

With respect to some of the items shown on the books, no testimony was introduced as to their actual value, but at the time of the dissolution of the corporation the petitioner used these book values as being the actual values and placed such values on the partnership books. When the Commissioner introduced evidence of such book values and the method of treatment thereof by the individuals and the partnership, the petitioner should have introduced some evidence as to values if he considered the book values not correct and as not representing actual valuations. Book values are clearly some evidence, especially when the petitioner and his copartner adopted them after the dissolution of the corporation and placed them on the partnership books.

With respect to the real estate, evidence was introduced to show that its value was less than that at which it was carried on the books, but this evidence is of such an indefinite and uncertain character that it does not convince us that the real estate was worth less than $15,000.

Also included in the book value of assets of $64,873.56 were accounts receivable carried on the books in the amount of $26,287.75, which embraced stockholders' accounts in an undisclosed amount. It is shown that $10,514.11 of the accounts receivable was subsequently collected and it does not appear that these accounts were considered even doubtful of collection, and in finding the net value of the assets we have accepted the accounts receivable as having a value equal only to the amount so collected. The remainder we have considered too doubtful to be of any value, although only $8,434.49 was actually charged off. Upon consideration of all the evidence, in connection with the facts above referred to, we have found the net value of the assets to be as before stated.

We think the evidence fairly establishes that the petitioner received assets of the corporation having an actual value equal at least to $15,817. We hold, therefore, that the petitioner is liable as a transferee for taxes of the taxpayer corporation as determined by the respondent for 1920 and 1921 in an amount not to exceed $15,817. *Henry Cappellini et al., supra; Grand Rapids National Bank et al.,* 15 B. T. A. 1166.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*